**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerald Lee EDMONDSON,**
**Defendant-Appellant.**

**No. 85-3852.**

United States Court of Appeals,
Eleventh Circuit.

June 24, 1986.

Archibald J. Thomas, III, Jacksonville, Fla., for defendant-appellant.

Thomas E. Morris and Alan Ceballos, Asst. U.S. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

Appellant, Gary Lee Edmondson, appeals his conviction on four counts of bank robbery and one count of attempted bank robbery on the ground that the trial court improperly admitted evidence which was the product of an unreasonable search and seizure in violation of the fourth amendment. We affirm.

### FACTS

In the course of investigating a series of four bank robberies occurring over a short period of time in the Jacksonville, Florida area, the Federal Bureau of Investigation (FBI) received information concerning an aborted bank robbery which they suspected was attempted by the same man responsible for the four robberies. The FBI obtained the license plate number of the car used in the aborted robbery and upon finding that it was registered to a Kathy Graham, they proceeded to her apartment for further investigation. Graham's name was the only one registered with the apartment manager as a resident of the apartment. Witnesses on the premises identified the photograph of the robber taken by a bank surveillance camera from the first robbery as that of a male who had been seen with Graham on several occasions. An agent saw a man resembling the suspect in the bank surveillance photograph step outside of the apartment onto a landing to smoke a cigarette and return inside.

After consulting an FBI legal advisor, the decision was made to knock on the door in an attempt to determine the identity of the person. The agents did not have a search nor arrest warrant. With weapons drawn, and with the vicinity in front of the apartment surrounded, the agents knocked on the door and saw Edmondson look out of the window. At this point, an agent yelled, "FBI. Open the door." Edmondson opened the door, stepped back, and placed his hands upon his head. In the apartment, the agents arrested Edmondson, searched his person for weapons, and read him *Miranda* rights. Edmondson stated that he did not wish to make a statement. Several items were seized. The FBI agents then took Edmondson to their office to be photographed and fingerprinted.

Approximately forty-five minutes after his arrest, two agents and a local officer entered the fingerprinting room where Edmondson was waiting; they intended to advise him of his rights again and to obtain his consent to an interview. Before the agents could do so, Edmondson interjected, "Why don't we just get this over with." The agents then stopped Edmondson from talking and advised him of his *Miranda* rights again, this time in writing. Edmondson read and signed the form. Edmondson then confessed to the four robberies and the attempted robbery. After admitting that he lived in the apartment in which he was arrested, Edmondson signed a form consenting to a search of the apartment and directed the agents to a large amount of cash hidden in the apartment.

An evidentiary hearing on appellant's motion to suppress was conducted prior to trial. The district court entered an order granting in part and denying in part Edmondson's motion to suppress. The district court found that Edmondson's warrantless arrest was illegal and that the evidence seized at the time of the arrest was to be suppressed. The district court determined, however, that Edmondson's confession and consent to search were both sufficiently attenuated of any taint from the illegal arrest. Thus, they were acts of Edmondson's free will. Edmondson was found guilty as charged on all counts.

## DISCUSSION

Edmondson urges that the district court was correct in finding the agents' entry into his apartment to be in violation of the rule announced in *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). He contends that his two confessions and the evidence the agents obtained at the time of their search of the apartment were all products of an unlawful search, were not sufficiently attenuated from the illegal arrest, and should not have been admitted at trial. The government argues that its search was not illegal because it had probable cause to arrest Edmondson, and that exigent circumstances justified their entry into his home to effect the arrest, and alternatively, because his actions at the time the agents sought to enter the apartment amounted to a consent to enter the apartment.

### 1. Arrest

A warrantless, nonconsensual entry into a suspect's home to make a routine felony arrest is presumed to be unreasonable. *Payton,* 445 U.S. at 586–87, 100 S.Ct. at 1380, 63 L.Ed.2d at 651. Such an entry may be proper, however, where there is both probable cause and exigent circumstances. *Payton,* 445 U.S. at 590, 100 S.Ct. at 1382, 63 L.Ed.2d at 653; *United States v. Milian-Rodriguez,* 759 F.2d 1558, 1564 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 135, 88 L.Ed.2d 112. The district court found probable cause existed for the arrest. The trial court's determinations at the suppression hearing are reviewed as to findings of fact on a clearly erroneous standard. *United States v. Arends,* 776 F.2d 262, 264 (11th Cir.1985). All facts should be construed in the light most favorable to the prevailing party. *Arends* at 264. A finding of fact is clearly erroneous

only when a reviewing court is left with the definite and firm conviction that a mistake has been committed. *United States v. Duckett,* 583 F.2d 1309, 1313 (5th Cir.1978). We find that the district court's finding that there was probable cause for arrest is not clearly erroneous.

■ A finding of probable cause alone, however, does not justify a warrantless arrest at a suspect's home. Exigent circumstances which make it impossible or impractical to obtain a warrant must also be present. *Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). The exigent circumstances exception encompasses situations such as hot pursuit of a suspect, risk of removal or destruction of evidence, and danger to the arresting officers or the public. *United States v. Satterfield,* 743 F.2d 827, 843–44 (11th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2362, 86 L.Ed.2d 262. We agree with the district court that none of these situations is present in this case and that the circumstances did not otherwise make it impossible or even imprudent for the agents to obtain a warrant before arresting Edmondson.

■ The government alternatively contends that the warrantless arrest was valid because Edmondson consented to the officers' entry into the apartment. The government argues that because Edmondson went to the door to open it after the FBI agent ordered him to do so, stepped back, and placed his hands on his head, his actions amounted to an implied consent to be arrested. We agree with the district court that

> [w]hile defendant's submissive arrest posture may indicate a guilty mind, as the government contends, it also indicates an acquiescence to a show of official authority. There is no direct evidence that defendant actually saw the officers' drawn weapons. However, defendant was aware there were FBI agents at his door and at the bottom of

the stairs. The presence of a number of officers tends to suggest an undertaking which is not entirely dependent on the consent and cooperation of the suspect.

We agree with the district court that Edmondson's arrest was illegal and that the physical evidence seized at the time of the arrest was unlawfully seized. A suspect does not consent to being arrested within his residence when his consent to the entry into his residence is prompted by a show of official authority. *See United States v. Newbern,* 731 F.2d 744, 748 (11th Cir.1984).

### 2. Confession and Consent to Search

■ Edmondson urges that his confession given at the FBI office and his consent to search the apartment were not acts of free will and thus were not purged of the taint remaining from the illegal arrest. "The question to be resolved when it is claimed that evidence subsequently obtained is 'tainted' or is 'fruit' of a prior illegality is whether the challenged evidence was 'come at by the exploitation of [the initial] illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" *Segura v. United States,* 468 U.S. 796, ——, 104 S.Ct. 3380, 3386, 82 L.Ed.2d 599, 608 (1984) (quoting in part *Wong Sun v. United States,* 371 U.S. 471, 487–88, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963)). "The question whether a confession is the product of a free will under *Wong Sun* must be answered on the facts of each case." *Brown v. Illinois,* 422 U.S. 590, 603, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416, 427 (1975). Several relevant factors to be considered in determining whether the confession and consent were attenuated from the illegal arrest are: (1) the temporal proximity of the arrest and confession; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the officers' misconduct. *Brown v. Illinois,* 422 U.S. at 603–04, 95 S.Ct. at 2261–62, 45 L.Ed.2d at 427. We agree with the district court that Edmondson's confession, which began approximately forty-five

**1516**

minutes after his arrest, away from the scene of the arrest, made after twice being advised of his *Miranda* rights, and initiated by him was sufficiently attenuated. *See Brown,* 422 U.S. at 603–04, 95 S.Ct. at 2261–62, 45 L.Ed.2d at 427 (*Miranda* warnings are an important factor in determining whether a confession is obtained by exploitation of an illegal arrest).

Edmondson also contends that the district court erred in drawing support from a recent Eleventh Circuit decision which found a confession sufficiently an act of free will to purge any taint resulting from the arrest because his situation was distinguishable. *Milian-Rodriguez,* 759 F.2d 1558 (11th Cir.1985). In *Milian-Rodriguez,* the defendant was arrested at his home, without a warrant, at 3 o'clock in the morning. The court found that the arrest came within the exigent circumstances exception, although it alternatively stated that even if the arrest had been illegal, the subsequent confession was still admissible. "Not only did a full hour elapse between the arrest and the time at which his statements were made but law enforcement officers had removed [the defendant] from the scene of the arrest, and had administered the *Miranda* warnings on two separate occasions before the interview ... began." 759 F.2d at 1565. The court noted that the defendant's inculpatory statements resulted not from the circumstances of his arrest, but from his belief that cooperation would be in his best interest.

*Milian-Rodriguez* lends support to a finding that Edmondson's confession and consent to search his apartment should not have been suppressed. The first two *Brown* factors in this case are nearly identical to those in *Milian-Rodriguez.* As to the third factor, we agree with the district court that the officers did not act in intentional, flagrant disregard of appellant's rights. In view of the circumstances as a whole, we agree with the district court that Edmondson's confession and consent to search his apartment were prompted not by any misconduct of the officers, but by appellant's own guilty conscience and desire to be caught, and were thus sufficiently purged of the taint of the illegal arrest.

Accordingly, the judgments are affirmed.

AFFIRMED.