561 So.2d 1253 (1990)
Susan Jones LIBBY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02950.
District Court of Appeal of Florida, Second District.
May 18, 1990.
James Marion Moorman, Public Defender, Bartow, and Phil Patterson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Susan Jones Libby appeals from her judgment and sentence for possession of cocaine and challenges the denial of her motion to suppress contraband, paraphernalia, and statements made to the police after her arrest. We reverse.
It is clear from the record in this case that the arresting officer stopped the appellant solely based on her presence in a "known drug area." After the officer stopped her car, he took the appellant's driver's license and ran a local warrant check. According to the officer, the appellant was not free to leave. One to two minutes later, the computer revealed an outstanding bench warrant for the appellant.
The officer informed the appellant that she was under arrest and proceeded to search her. The officer found the type of pipe used for smoking crack cocaine in the appellant's pocket. Later, when the car was searched prior to towing, two matchbooks were found with cocaine ash left in them. At the police department the officer questioned the appellant about the pipe, and she stated that it was hers and that she had been smoking crack cocaine.
The trial judge denied the appellant's motion to suppress because the officer found the evidence after he became aware of a valid warrant for her arrest. The appellant pled no contest to possession of a controlled substance, and the state entered a nolle prosequi in the paraphernalia charge. The appellant specifically reserved the right to appeal the denial of her motion to suppress.
The trial court erred in denying the motion to suppress. The arresting officer did not have a founded suspicion of criminal activity based on the appellant's presence in a high crime area. Martin v. State, 521 So.2d 260 (Fla. 2d DCA 1988). The fact that a computer check revealed an outstanding warrant for the appellant does not validate the illegal detention. Kimbrough v. State, 539 So.2d 619 (Fla. 4th DCA 1989). In Kimbrough, a computer check also revealed an outstanding arrest warrant after an illegal stop of the defendant. *1254 The Fourth District reversed the denial of the motion to suppress because there was no founded suspicion to justify the officer's initial stop. The facts of the present case mandate the same result.
The state argues, based on United States v. Edmondson, 791 F.2d 1512 (11th Cir.1986), that the appellant's confession at the police department after her arrest was sufficiently attenuated from the illegal police conduct to be admissible. Edmondson is distinguishable in that there the defendant initiated the confession. Here, the officer who illegally detained the appellant specifically questioned her about the product of the illegal search. Upon questioning, she admitted that the pipe the officer found in her pocket was hers and that she had been smoking crack cocaine. There were no intervening circumstances, such as consultation with counsel or release from custody, to sufficiently attenuate the confession. See Brown v. Illinois, 422 U.S. 590, 603-604, 95 S.Ct. 2254, 2261-2262, 45 L.Ed.2d 416, 427 (1975); 4 W. LaFave, Search and Seizure § 11.4(b) at 398 (2d ed. 1987). The denial of the motion to suppress is reversed.
SCHOONOVER, A.C.J., and LEHAN, J., concur.