578 So.2d 850 (1991)
William Paul ROLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02009.
District Court of Appeal of Florida, Second District.
May 1, 1991.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, William Rollins, convicted of possession of cocaine and paraphernalia, argues on appeal that the trial court should *851 have granted his motion to suppress because the evidence was discovered as the result of an illegal stop and search.
Officer Martin testified that he stopped a white pickup truck containing two individuals in Winter Haven in the early morning hours. He stopped the truck because he noticed that its tail and brake lights did not work. As he pulled it over, he noted that the brake lights again failed to operate. He asked the driver, a white female named Mary Rollins, for identification. He discovered that her license had been suspended and that she had six active felony warrants. He placed her in custody and asked her passenger, appellant, for identification. Appellant initially gave an alias. The officer discovered active warrants for his arrest also. The officer then arrested appellant and, in the subsequent search of the truck, found cocaine and paraphernalia in the heater vent on the passenger side. He also found appellant's wallet in that heater vent.
Appellant was charged with possession of cocaine and possession of paraphernalia and filed a motion to suppress on the grounds that the officer did not have cause to stop the truck. The court denied the motion and appellant pled nolo contendere, reserving his right to appeal the denial of his motion.
In order to stop a moving vehicle, an officer must have a founded suspicion of criminal activity (Sumlin v. State, 433 So.2d 1303 (Fla.2d DCA 1983)) or cause to believe that he observed a traffic violation. Here, there was some question as to whether Officer Martin had cause to stop the truck for inoperable brake and tail lights because several witnesses testified that both before and after the truck had been impounded pursuant to the arrests, the brake and tail lights were working.
The trial court declined to determine this issue, ruling that "[e]ven if the brake lights did not work and even if the stop was an improper stop, the search of the vehicle was made subsequent to the arrest of the driver and, as far as that goes, the defendant as well, is not tainted because of an improper stop. Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975)." The court found that the intervening valid arrest removed any taint from an illegal stop. We cannot agree.
The case cited by the trial court, Wigfall, does not apply because there the defendant was sitting in a parked car and the officer's approach was merely a consensual encounter. In the instant case, the officer stopped a moving vehicle, which requires either a founded suspicion of criminal activity or cause to believe a traffic infraction has occurred. The fact that the officer subsequently discovered an outstanding warrant does not validate an illegal detention. Libby v. State, 561 So.2d 1253 (Fla.2d DCA 1990); Kimbrough v. State, 539 So.2d 619 (Fla. 4th DCA 1989).
Since this was allegedly a traffic stop, the determination of whether the officer had cause to stop the vehicle based on a reasonable belief that he had observed a traffic infraction is thus critical. We accordingly vacate appellant's convictions and remand for the trial court to determine whether the officer had cause to stop the vehicle based on a reasonable belief that he had observed a traffic violation.
THREADGILL and PATTERSON, JJ., concur.