**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro Ernesto McGREGOR,
Defendant–Appellant.**

No. 92–4860.

United States Court of Appeals,
Eleventh Circuit.

Sept. 13, 1994.

Stephen J. Finta, Norliza Batts, Ft. Lauderdale, FL, for appellant.

William C. Healy, Anne Hayes, Linda C. Hertz, Jeanne M. Mullenhoff, Asst. U.S. Attys., Miami, FL, for appellee.

Before KRAVITCH, ANDERSON and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

This case concerns the exigent circumstances exception to the requirement for a search warrant before police enter a dwelling. At issue is whether officers who effected a warrantless entry created the exigent circumstances necessitating that entry. We conclude that, under the facts of this case, they did not.

## I. FACTS & BACKGROUND

On September 2, 1990, United States Customs inspectors at a mail examining facility in Miami examined a package containing a brown leather notebook. The box had been sent from Peru and was addressed to Jorge Chavez in Naperville, Illinois. Cocaine was secreted within the covers of the notebook. The inspectors notified the United States Postal Inspection Service, which decided to execute a controlled delivery. Inspector Cordero took custody of the package and mailed it via registered mail to Chicago.

Cooperating inspectors in Chicago delivered the package to Chavez. He was immediately arrested, and he agreed to cooperate in the investigation. Chavez told the inspectors that the cocaine belonged to appellant, Pedro McGregor, and that Chavez had been instructed to send the cocaine to McGregor in Miami.

After Chavez made two phone calls (that were listened to and recorded by inspectors) to McGregor in which McGregor made incriminating statements, the inspectors decided to do a controlled delivery in Miami. Inspector Pirone obtained a warrant from a United States magistrate judge to put a beeper in the sealed box which would allow a surveillance team to keep track of the package. The beeper would alert the inspectors when the box was opened.

The inspectors, acting with state police, also attempted to get a warrant from a Florida state magistrate to enter McGregor's home if the beeper sounded, indicating the package had been opened there. But these efforts were abandoned when they were informed that the state warrant would require them to wait fifteen minutes after the beeper sounded to enter the house. The agents felt this kind of delay would give McGregor time to destroy the drugs.

The inspectors executed a controlled delivery at 8:45 p.m. on September 12, 1990 and set up surveillance outside McGregor's home. The beeper sounded at 2:15 a.m. on September 13. The inspectors rushed to the door and entered.

Once inside, the inspectors read McGregor his rights. After an interview, McGregor acknowledged that he understood his rights and signed a consent form to allow the inspectors to search the house. In the search, the inspectors found the opened package as well as additional cocaine. McGregor then told the inspectors that he had recently travelled to Peru, purchased the cocaine, and arranged to have it sent to Chicago.

McGregor was charged with use of a communication facility, the United States mail, in the committing, causing or facilitating the commission of a felony, 21 U.S.C. § 843(b), and possession with the intent to distribute cocaine, 21 U.S.C. § 841(a)(1). Before trial, McGregor moved to suppress the cocaine and his statements because they were obtained after a warrantless entry. The district court denied the motion: the inspectors' reasonable belief that the evidence would be destroyed after McGregor discovered the beeper created "exigent circumstances" that justified warrantless entry.

McGregor was convicted on both counts. He now appeals the denial of the motion to suppress. He also claims there was insufficient evidence to convict him on Count I.

## II. DISCUSSION

### A. Warrantless Entry

A warrantless search is presumptively unreasonable. *See United States v. Edmondson*, 791 F.2d 1512, 1514 (11th Cir. 1986). But, when probable cause exists, if "exigent circumstances" make it impossible

or impracticable to obtain a warrant, warrantless entry will be excused. *Id.* at 1515. The risk of removal or destruction of narcotics is a "particularly compelling" exigent circumstance. *See United States v. Young*, 909 F.2d 442, 446 (11th Cir.1990), *cert. denied*, — U.S. ——, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991).

■ In this case, inspectors placed a beeper inside a package of cocaine before completing a controlled delivery. Almost six hours after delivery, the beeper sounded, indicating the box had been opened. At this point, the officers monitoring the beeper reasonably believed defendant, to whom the package had been delivered, would discover the beeper and realize he was being watched. And, the officers reasonably perceived that, if they did not move immediately, McGregor might destroy the cocaine. So, exigent circumstances were present in this case at the time the beeper sounded. *See id.* (objectively reasonable belief that narcotics evidence will be destroyed justifies warrantless search).

■ But, exigent circumstances will not justify warrantless entry if the exigency was created by those conducting the search. *See, e.g., United States v. Tobin*, 923 F.2d 1506 (11th Cir.) (en banc), *cert. denied*, — U.S. ——, 112 S.Ct. 299, 116 L.Ed.2d 243 (1991). For example, a warrantless search is not justifiable when police have probable cause and sufficient time to obtain a warrant but create an exigency to avoid the warrant requirement. *Id.* at 1511; *see also, United States v. Scheffer*, 463 F.2d 567, 575 (5th Cir.1972).

McGregor claims that the inspectors knew before inserting the beeper that when it sounded, they would need to act immediately; so, they, before the delivery of the drugs, could have gotten a warrant to search the house. He argues that because the inspectors planted the beeper anyway—thereby "creating the exigency"—their warrantless search was unreasonable and all evidence obtained from the search, including his statements, must be suppressed. We disagree.

The planting of the beeper created no exigency. The exigency would result from the parcel's being opened and the tracing device's being discovered. A warrant must be executed within a certain amount of time of its issuance and is only valid for certain persons and places. *See* Fed.Rule Crim.Pro. 41(c)(1). From the record, it appears that the inspectors were unsure about when, where, or by whom this box would be opened, although McGregor was suspected.

In this case, a beeper was used because the identity of the ultimate holders of the cocaine and the place where the box would be opened were the focus of the inspectors' interest; and these persons and that place were not yet known. For example, it was entirely possible that McGregor would not open the package, but would instead deliver it to another place and other persons the next day. If that happened, any warrant the inspectors obtained for McGregor or his home would have been worthless, and the police and judicial resources invested in the warrant process would have been wasted.

The inspectors wanted to wait and see who opened the box before they acted to arrest or to search. Before the box was opened, the inspectors had not determined they would enter and search McGregor's residence; instead, they had determined that they would enter and search the place where the box was opened. This place was unknown and unknowable until the box was opened. In addition, the inspectors had been told by state authorities that no search warrant could be obtained that would not require a fifteen minute wait between the beeper's alarm and entering the residence. Given the circumstances, including the disposability of drugs, the inspectors reasonably could conclude that a warrant, conditioned on this kind of delay, would be impractical.[1] We cannot say that the inspectors acted unreasonably. *Cf. Tobin*, 923 F.2d at 1511 (officers do not have duty to halt criminal investigation the moment they have enough evidence to establish probable cause, evidence which may be too little to support a criminal conviction) (*quoting, Hoffa v. United States*, 385 U.S.

---

1. That the inspectors at one time sought a warrant and then changed their minds is not determinative of whether a warrant was constitutionally required at the time of entry.

293, 310, 87 S.Ct. 408, 417–18, 17 L.Ed.2d 374 (1966)). We conclude that the district court's decision not to suppress the evidence obtained in the search was proper.[2]

### B. Sufficiency of the Evidence

■ McGregor also argues there was insufficient evidence to convict him on Count I, use of the United States mail in the commission of a felony. *See* 21 U.S.C. § 843(b). Again, we disagree. Both the conversations recorded between Chavez and McGregor and McGregor's statements to inspectors indicate McGregor used the United States mail to distribute cocaine. Based on this evidence, a reasonable fact finder could conclude defendant was guilty beyond a reasonable doubt. *See United States v. Khoury,* 901 F.2d 948, 960 (11th Cir.1990).

AFFIRMED.

KRAVITCH, Circuit Judge, dissenting:

I respectfully dissent. In my view, the warrantless search in this case violated the Fourth Amendment because the claimed exigency was created by law enforcement officials who had ample time to obtain a warrant. As part of an investigative strategy the postal inspectors placed a beeper in a package they delivered to McGregor and then relied upon his possible discovery of that beeper as an exigency to enter his home. The conclusion of the majority that the inspectors did not create the exigency defies common sense.

After the United States Customs inspectors in Miami discovered the cocaine secreted in a notebook, a controlled delivery was made to the addressee, Jorge Chavez, in Naperville, Illinois. He was arrested immediately when he accepted delivery of the package. Chavez agreed to cooperate with authorities and stated that McGregor had offered him one thousand dollars to accept delivery of the package containing cocaine and to forward it to McGregor in Miami. In electronically monitored calls that Chavez made to McGregor, McGregor made several incriminating statements that corroborated the story that Chavez told the authorities. McGregor indicated that Chavez would soon be receiving another package. McGregor also remarked that he planned to pay Chavez in "product." When Chavez objected McGregor agreed to pay him in cash, but indicated that he could not do so until he received the package, stating that he had "people waiting all over the place" and "nothing, absolutely nothing."

The inspectors determined that they would make a controlled delivery of the cocaine to McGregor with the cooperation of both state and federal authorities. They transported the notebook to Miami where they repackaged it and addressed it to McGregor at his home. Inside the package the inspectors had placed an electronic beeper, for which they had obtained a federal warrant, that would alert them when the package was opened. Inspector Perone, who applied for the warrant to monitor the beeper, testified that he did not ask the federal magistrate who issued that warrant for an additional warrant to search McGregor's apartment once the cocaine was delivered because he believed that due to the relatively small amount of cocaine involved, the United States Attorney would decline prosecution in favor of a state prosecution.[1] As the majority opinion notes, a cooperating state agent began the process of securing a state search warrant but when the federal officers learned that a state warrant could not be executed until fifteen minutes after the beeper sounded the federal agents decided to proceed without a warrant. Once the state agent learned, prior to the delivery of the package, that the federal agents involved were not proceeding in compliance with state law, he refused to participate in the operation.

Disguised as a postal delivery worker, Inspector Perone delivered the package to McGregor at his apartment. McGregor

---

**2.** Defendant cites *United States v. Duchi,* 906 F.2d 1278 (8th Cir.1990), as support for his position. Although we think *Duchi* is distinguishable on the point of the "denouement of a government investigation," it is not binding on us. To the extent that *Duchi* would dictate a different result in this case (which we doubt), we decline to follow it.

**1.** Perone initially testified that a state search warrant had been obtained, but that testimony was corrected at a later date.

identified himself and signed for the package. The inspectors then conducted surveillance of the apartment and monitored the beeper. Five-and-a-half hours after delivery, the beeper alerted the agents that the package had been opened. The inspectors then made a warrantless entry into McGregor's home. Once inside, the inspectors located the occupants of the apartment and the package containing cocaine. Although the exterior of the package had been opened, the leather notebook covers in which the cocaine was hidden remained intact. After obtaining McGregor's consent to search his apartment, the inspectors discovered other quantities of cocaine and McGregor confessed.

Under settled Fourth Amendment jurisprudence, a warrantless search or seizure inside a home is presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980). Where probable cause and exigent circumstances exist, however, warrantless action may be allowed. *Id.* at 590, 100 S.Ct. at 1382. It is undisputed that the inspectors had probable cause to arrest appellant and to search his apartment for the notebook containing cocaine. The only issue is whether an exigency justified the warrantless entry.

A situation may become exigent when there is danger of the loss, destruction, removal or concealment of evidence. *United States v. Blasco*, 702 F.2d 1315, 1325 (11th Cir.), *cert. denied*, 464 U.S. 914, 104 S.Ct. 275, 78 L.Ed.2d 256 (1983). This exigency is "particularly compelling in narcotics cases" because narcotics may be easily destroyed. *United States v. Young*, 909 F.2d 442, 446 (11th Cir.1990). The exigency exception, however, only applies when "the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." *United States v. Burgos*, 720 F.2d 1520, 1526 (11th Cir.1983); *see also United*

*States v. Lynch*, 934 F.2d 1226, 1232 (11th Cir.1991) (following *Burgos*); *United States v. Edmondson*, 791 F.2d 1512, 1515 (11th Cir.1986) (exigent circumstances exist only when it is impossible or impractical to obtain a warrant); *cf. Vale v. Louisiana*, 399 U.S. 30, 34–35, 90 S.Ct. 1969, 1971–73, 26 L.Ed.2d 409 (1970) (warrantless search of home improper where no showing of exception to warrant clause or impracticality of obtaining search warrant when police obtained arrest warrant). This is not to say that a warrant must immediately be secured as soon as there are legally sufficient grounds to obtain one; there is no *per se* constitutional rule forbidding law enforcement officials who have probable cause from acting on exigencies that subsequently arise. Law enforcement officials possessing probable cause may not, however, circumvent the warrant requirement by intentionally causing an exigency in an otherwise stable situation.[2] "This Circuit has held ... that a warrantless search is illegal when police possess probable cause but instead of obtaining a warrant create exigent circumstances." *United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir.) (en banc) (citing *United States v. Scheffer*, 463 F.2d 567, 575 (5th Cir.1972)), *cert. denied*, — U.S. —, 112 S.Ct. 299, 116 L.Ed.2d 243 (1991).

Under the facts of this case, there was simply no reason for the inspectors to act without a warrant. As the government controlled the time of delivery of the package, it cannot be disputed that the inspectors had ample time to secure a warrant. Even after the package was delivered, over five hours passed before the beeper indicated that the package had been opened. Certainly, this was sufficient time for a warrant to have been obtained. A search warrant or an arrest warrant would have given the agents legal grounds for entering McGregor's

---

**2.** There was nothing inherently unstable in this circumstance after the cocaine was delivered to appellant. " 'Suspects who are inside their homes and unaware of their impending arrests generally have no reason immediately to flee, nor would they ordinarily have any reason immediately to destroy the fruits of their crime.' "

*Lynch*, 934 F.2d at 1232 (quoting *United States v. George*, 883 F.2d 1407, 1413 (9th Cir.1989) (citations omitted)); *see also United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir.) (en banc) (circumstances are not usually exigent where suspects are unaware of police surveillance), *cert.*

home.[3] *Payton v. New York,* 445 U.S. at 589–90, 100 S.Ct. at 1381–82.

In spite of these facts, the majority concludes that the warrantless entry was justified by an exigency. The purported exigency in this case is the possibility that McGregor might have seen the beeper when he opened the package and might have destroyed the cocaine in the notebook.[4] An exigency, however, must be a circumstance that was not intentionally created by law enforcement officials who chose to bypass the warrant requirement. *Tobin,* 923 F.2d at 1511. Here, Inspector Perone testified that they had decided not to proceed on a state warrant but instead to deliver the package, wait until the beeper alerted and then make a warrantless entry into McGregor's home. Knowing that McGregor was expecting the package, the inspectors addressed it to him and delivered it to his home, placing within it the beeper designed to alert them when the package was opened. McGregor proceeded to do what most people can reasonably be expected to do upon receiving a package addressed to them: he opened it. Any exigency that arose in this case was created by the inspectors who placed the beeper in the package and delivered it to McGregor. The majori-

ty's conclusion that the inspectors did not create the exigency by placing the beeper in the package, but that McGregor created the exigency by opening it, twists beyond recognition the meaning of our rule that law enforcement officials may not create an exigency.[5]

In a factually similar case the Eighth Circuit concluded that the "postal inspector created the exigent circumstances." *United States v. Johnson,* 12 F.3d 760, 764 (8th Cir.1993). The *Johnson* court reasoned:

> As a matter of investigative strategy, [the postal inspectors] substituted another substance for the cocaine base and placed the beeper in the package. By doing so, the inspectors created, or at least greatly increased, the risk that the evidence would be destroyed. Had they not altered the package's contents, there would have been little or no danger of evidence being destroyed before they obtained the search warrant.

*Id.* at 764–65. The *Johnson* court recognized that the exigency was not created by the addressee opening the package, but by the inspectors who placed the beeper in the package and delivered it.

---

*denied,* —— U.S. ——, 112 S.Ct. 299, 116 L.Ed.2d 243 (1991).

**3.** Of course, if the inspectors had an arrest warrant, they would have only been entitled to arrest McGregor and seize any contraband in plain view. Once legally inside, however, they could have requested McGregor's consent to search his apartment.

**4.** There is nothing in the record that supports the panel's conclusion that the police were reasonable in their concern that the beeper would be discovered once the package was opened. There was no evidence or testimony concerning the size or shape of the beeper, or the manner in which it was placed in the package. Without this information, we cannot know if the concern that the beeper would be discovered was reasonable. Despite this lack of evidence, the panel concludes that the inspector's concern was reasonable.

**5.** Some circuits have held that police may create exigent circumstances, provided they do not engage in otherwise unlawful conduct. *See United States v. MacDonald,* 916 F.2d 766, 772 (2d Cir. 1990) (en banc) (provided police "act in an entirely lawful manner, they do not impermissibly create exigent circumstances"), *cert. denied,* 498

U.S. 1119, 111 S.Ct. 1071, 112 L.Ed.2d 1177 (1991); *United States v. Acosta,* 965 F.2d 1248, 1254 (3rd Cir.1992) (adopting reasoning of *MacDonald*). As the majority opinion recognizes, our court has sided with those circuits that have determined that police may not intentionally bypass the warrant requirement by creating exigent circumstances. *See, e.g., United States v. Richard,* 994 F.2d 244, 248 (5th Cir.1993) (citing *United States v. Webster,* 750 F.2d 307, 327 (5th Cir.1984), *cert. denied,* 471 U.S. 1106, 105 S.Ct. 2340, 85 L.Ed.2d 855 (1985)); *United States v. Beltran,* 917 F.2d 641, 643 (1st Cir.1990); *United States v. Duchi,* 906 F.2d 1278, 1284 (8th Cir. 1990); *United States v. Buchanan,* 904 F.2d 349, 355 (6th Cir.1990); *United States v. Timberlake,* 896 F.2d 592, 597 (D.C.Cir.1990); *United States v. George,* 883 F.2d 1407, 1413–14 (9th Cir.1989); *United States v. Napue,* 834 F.2d 1311, 1327 n. 17 (7th Cir.1987) (citing *United States v. Rosselli,* 506 F.2d 627, 630 (7th Cir.1974)); *cf. United States v. Grissett* 925 F.2d 776, 778 (4th Cir.), *cert. denied,* 500 U.S. 945, 111 S.Ct. 2245, 114 L.Ed.2d 486 (1991). Although the majority opinion states that it abides by the law of this circuit, through its interpretation of the facts it places our circuit, for all practical purposes, alongside those courts that have held that police may create exigent circumstances.

Like *Johnson,* this is not a case in which the authorities were unsure about the destination of the cocaine. The inspectors had every reason to expect that McGregor would open a package addressed to him and delivered to his home. Inspector Perone testified that at the time of the delivery of the package the authorities believed that McGregor was the ultimate recipient of the package. The majority states that the inspectors "were unsure about when, where, or by whom this box would be opened," and suggests that the inspectors had some reason to suspect that McGregor would deliver the package, unopened, to someone else. However, there is nothing in the record to support such a conclusion. Although Inspector Perone testified that because McGregor did not immediately open the package after it was delivered it might have been intended for someone else, McGregor's recorded conversations with Chavez provided the inspectors with every reason to believe that McGregor was the distributor of the cocaine. It is undisputed that the inspectors, even if unsure about the ultimate recipient of the package, had ample legal basis for obtaining a warrant which simply requires probable cause and not absolute certainty.[6] Further, even if they had reason to suspect that the package was intended for someone else, certainly the inspectors intended to arrest McGregor and search his apartment for further evidence, as recorded telephone calls indicated that this drug transaction was not the only one in which McGregor was involved.

The authorities in this case did not like the terms of execution of the state search warrant that they initially sought. The majority states that the inspectors reasonably concluded that a state warrant would be impractical because it would require that the authorities wait 15 minutes after a beeper indicated that a package had been opened before executing the warrant. The government provides no explanation, however, for the failure to obtain a *federal* warrant, which would not have contained the waiting period required under Florida law.

The majority suggests that it would have been inefficient for the inspectors to obtain a warrant in case it went unexecuted. We should not ignore constitutional mandates, however, merely because we find them to be inefficient. Moreover, if efficiency is a proper consideration, in my view an inefficiency even greater than that of unexecuted warrants results when searches conducted in violation of the Fourth Amendment result in suppressed evidence. In this case, however, obtaining a warrant would not have been inefficient. The inspectors obtained a warrant for the beeper from a federal magistrate and an additional warrant application could not have consumed much time. As pointed out above, even if the cocaine was intended for another person, the inspectors still had probable cause to arrest McGregor and execute a search warrant for further evidence. Thus, no warrant would have gone unexecuted.

I would reverse the district court's ruling denying McGregor's motion to suppress evidence.

**6.** The beeper alerted the inspectors when the outside package was opened, not when the notebook was opened to reveal the cocaine. Thus, even if McGregor intended to deliver the cocaine to someone else, the inspectors had no reason to think that he wouldn't first open the package to make sure that Chavez had sent the notebook containing the cocaine.