WHATLEY, Judge.
The state filed this appeal from the trial court’s order granting Virgil Maloy’s motion to suppress statements he made to police after his arrest. Maloy then filed a cross-appeal challenging the denial of his motion to suppress cocaine, which he claims was obtained pursuant to an unlawful search. We do not find merit in the issues Maloy raises in his cross-appeal and affirm the denial of his motion to suppress the cocaine without discussion. However, we conclude that the trial court erred in granting Maloy’s motion to suppress his statements and reverse.
The trial court found that Maloy’s arrest was unlawful, and therefore, it suppressed his statements as fruit of the poisonous tree. We agree with the trial court that Maloy’s arrest was unlawful. However, we conclude that the events that occurred between the time of his arrest and the time he made the statements dissipated the taint of the illegal arrest.
If there are sufficient intervening events between an arrest and a confession, these events may dissipate the taint of the illegal arrest. In Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the Supreme Court held that there are three factors to be considered in determining whether a confession is attenuated from an illegal arrest: (1) the temporal proximity of the arrest and confession; (2) the presence of intervening circumstances; and (3) the purpose and flagraney of the police misconduct. Miranda[1] warnings are also significant. 422 U.S. at 603, 95 S.Ct. at 2261.
In United States v. Edmondson, 791 F.2d 1512 (11th Cir.1986), Edmondson’s confession was made approximately forty-five minutes after his illegal arrest, it was made away from the scene of the arrest, it was made after twice being advised of his Miranda rights, and it was initiated by him. Based on these circumstances, the court held that the confession was admissible because it was sufficiently attenuated from the illegal arrest. Id. at 1515-1516.
In Reilly v. State, 557 So.2d 1365 (Fla. 1990), while the defendant was in jail pursuant to an illegal arrest, he made incriminating statements to other inmates. The Florida Supreme Court rejected his claim that the statements should be suppressed based on the fruit of the poisonous tree doctrine, because it found that there were sufficient intervening events to break the casual connection between the statements and the arrest. In that case, before the defendant made the statements, he had attended a first appearance hearing, had an attorney appointed to represent him, and had been visited by his parents.
*1244 We conclude that the events in the present case dissipated the taint of the illegal arrest. Maloy’s statements were made two days after his arrest. There were several intervening circumstances between the arrest and the confession. After his arrest, Maloy was brought before the court for a first appearance hearing. At the hearing, the court determined that there was probable cause to detain Maloy, and it advised him of his Miranda rights. Maloy then contacted Deputy Blood and asked to speak with him. Before talking to Maloy, Deputy Blood advised Maloy of his Miranda rights. Maloy then signed a waiver of rights form. There is no evidence of purposeful or flagrant police misconduct. Maloy explained to Deputy Blood that the cocaine belonged to him, not his co-defendant cousin, and that he wanted to talk to the deputy because he did not want his cousin to go to prison for the crime. Because these events dissipated the taint of the illegal arrest, Maloy’s statements are admissible, and his motion to suppress should have been denied.
Accordingly, we reverse the order granting Maloy’s motion to suppress his confession, and we affirm the denial of Maloy’s motion to suppress the cocaine.
FRANK, A.C.J., and LAZZARA, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).