[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11560
Non-Argument Calendar
_____

D. C. Docket No. 05-20343-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL ECHEVARRIA,
a.k.a. Manuile Echdarria, etc.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 6, 2007)

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Manuel Echevarria appeals his convictions and sentence for two counts of distributing heroin and one count of distributing marijuana, in violation of 21 U.S.C. § 841(a)(1). Echevarria raises three issues on appeal, which we address in turn.

**I.**

Prior to trial, Echevarria moved to suppress evidence seized from his home and statements he made at the time of his arrest, explaining that Detective Philippe, the arresting officer, followed him into his trailer and conducted a warrantless search after observing him conduct a drug transaction. Echevarria contends the warrantless search of his home was not justified because: (1) the police created the exigent circumstances used to justify the search; and (2) there was no evidence to support the belief by police officers that he would escape while a search warrant was obtained or that evidence was in danger of being destroyed.

Warrantless searches and seizures inside a residence are presumptively unreasonable. *United States v. McGough*, 412 F.3d 1232, 1237 (11th Cir. 2005). The U.S. Supreme Court "has crafted a few carefully drawn exceptions to the warrant requirement to cover situations where the public interest require[s] some flexibility." *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002) (quotations omitted). "One such exception is that the police may enter a private

2

premises and conduct a search if 'exigent circumstances' mandate immediate action." *Id.*

The exigent circumstances doctrine encompasses situations where resort to a magistrate for a search warrant is not feasible or advisable, including, *inter alia*: (1) danger of flight or escape; (2) possibility of loss or destruction of evidence; and (3) hot pursuit of a fleeing suspect. *Id.* "[T]he exigent circumstance doctrine is particularly compelling in narcotics cases, because contraband . . . can be easily and quickly destroyed while a search is progressing." *United States v. Young*, 909 F.2d 442, 446 (11th Cir. 1990). However, "exigent circumstances will not justify warrantless entry if the exigency was created by those conducting the search." *United States v. McGregor*, 31 F.3d 1067, 1069 (11th Cir. 1994).

Construing the facts in a light most favorable to the Government, Philippe observed Echevarria conduct a drug transaction outside of the trailer, providing probable cause for an arrest, and he entered Echevarria's trailer while in hot pursuit of a fleeing suspect. *See United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000) (stating all facts are construed in the light most favorable to the prevailing party in the district court). Furthermore, it was not unreasonable to conclude that, by switching the baggy of drugs between his hands while heading towards his trailer, Echevarria was attempting to hide the drugs, thereby suggesting the

possible loss or destruction of evidence. Thus, at least two exigent circumstances existed, so that Philippe's entry and search of the trailer was warranted.

Additionally, Echevarria instigated the hot pursuit justifying Philippe's warrantless entry, rather than Philippe and Detective Dorcely having created the exigent circumstances, because he first became aware of police presence and his impending arrest while he was outside of his trailer, and subsequently decided to walk quickly into his trailer. The fact Echevarria decided to flee into his trailer after having conducted a drug transaction and then observing the police, only made it more likely he would have destroyed the drugs or fled the area, which, in turn, made it more reasonable for Philippe to fear the destruction or removal of the evidence before a warrant could be secured. *See United States v. Tobin*, 923 F.2d 1506, 1511 (11th Cir. 1991). Accordingly, Echevarria's argument the police created the exigent circumstances is meritless.[1] We conclude Philippe's entry into Echevarria's trailer to arrest him was valid, and the drugs and gun that were found were admissible. *See United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999) (stating, in reviewing a motion to suppress, that factual findings should be

---

[1] Echevarria's relies on *United States v. Tovar-Rico*, 61 F.3d 1529 (11th Cir. 1995) and *United States v. Santa*, 236 F.3d 662 (11th Cir. 2000) to argue Philippe and Dorcely created the exigent circumstances resulting in the warrantless entry of the trailer. This case is distinguishable from *Tovar-Rico* and *Santa* because Echevarria was outside of his trailer when the police made their presence known. In *Tovar-Rico* and *Santa*, however, the defendants were inside their apartments and completely unaware of police presence when the police entered their apartments. *Tovar-Rico*, 61 F.3d at 1534; *Santa*, 236 F.3d at 666.

reviewed for clear error and the application of the law to the facts should be reviewed de novo.").

Furthermore, the conclusion that Philippe's entry was valid also means the incriminating statements made while in the patrol car were not "fruit of the poisonous tree." *See United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003). Thus, Echevarria's incriminating statements were also admissible, and the district court did not err in denying the motion to suppress.

## II.

Echevarria next contends that, during the Government's case-in-chief, the district court improperly allowed Philippe to testify about whether, from his experience, the drugs seized from Echevarria were for distribution. He asserts by allowing this testimony, the court either improperly allowed Philippe to: (1) testify as an expert witness without the Government having informed him of such; or (2) offer a lay opinion based on specialized knowledge. Echevarria further argues this error was harmful because it was the only evidence before the jury that the drugs were for distribution, rather than for his own use.

As an initial matter, any objection to Philippe's opinion was waived because although Echevarria objected to the foundation not being laid for Philippe as an expert on this matter, when the Government laid a foundation for the opinion,

Echevarria never objected to the actual opinion. Thus, Echevarria's argument is reviewed for plain error only. *See United States v. Hansen*, 262 F.3d 1217, 1233-34 (11th Cir. 2001) (stating that absent an objection, we review the challenged evidence for plain error). Furthermore, it is unclear whether the district court admitted Philippe's opinion as an expert or lay opinion.

Opinion evidence offered by a lay witness is admissible when the opinion is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. If the district court admitted Philippe's testimony as lay opinion, there was no error because his opinion was based on: (1) his personal observation of the number of baggies of drugs that Echevarria had at the time of his arrest; and (2) his past experience in making drug arrests, which demonstrated that drug users usually had only two to three baggies, whereas dealers usually had many more. *See Tampa Bay Shipbldg. & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (explaining that officers can testify as lay witnesses "based upon their particularized knowledge garnered from years of experience within the field").

"[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The government is required to give a defendant a "written summary of any testimony that the government intends to use under Rule[] 702 . . . during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).

Even if the district court admitted Philippe's testimony as expert opinion, without the Government having informed Echevarria of the basis of that opinion prior to trial, that error did not cause Echevarria actual prejudice. *See United States v. Chastain*, 198 F.3d 1338, 1348 (11th Cir. 1999) ("Violations of Rule 16 will result in a reversal of conviction only if such a violation prejudices a defendant's substantial rights."). Echevarria had the opportunity to cross-examine Philippe extensively regarding the basis of his opinion. Additionally, Echevarria provided no argument that he would have proffered the testimony of a rebuttal witness to establish the drugs were not packaged for distribution. Therefore, even if the district court erred by admitting Philippe's opinion as an expert opinion, the violation did not actually affect Echevarria.

Finally, Echevarria's argument Philippe's opinion should have been excluded because it was the only evidence proving the drugs were for distribution also is without merit. First, lay opinions are permitted even if they involve an ultimate issue in a case. Fed. R. Evid. 704(a). Secondly, expert witnesses are not prohibited from providing any opinions regarding the ultimate issue in a case, but, rather, opinions regarding "whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." Fed. R. Evid. 704(b). Philippe's testimony was based on his personal observations and previous experience in making drug arrests, and the opinion did not relate to whether Echevarria had the mental state to distribute drugs, but whether they were packaged for distribution. Furthermore, Philippe's testimony was not the only evidence supporting Echevarria's conviction for distribution, as a juror reasonably could have inferred the drugs were for distribution based on the facts that: (1) a gun and cash were found with the drugs; (2) Philippe witnessed Echevarria distribute drugs to Hampton; and (3) Perez testified 66 baggies of drugs were found. Accordingly, the admission of Philippe's opinion was not plain error.

## III.

Echevarria's final argument is that his sentence is unreasonable. After *United States v. Booker*, 125 S. Ct. 738, 765 (2005), we review sentences under the

advisory Guidelines regime for unreasonableness. Following *Booker*, the district court first must correctly calculate the defendant's Guidelines range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005).

The district court correctly calculated Echevarria's Guidelines range. The district court also took into account § 3553(a) factors, including: (1) Echevarria's history of distributing drugs; (2) the seriousness of the offense; (3) the need to promote respect for the law; (4) the need to provide just punishment; and (5) Echevarria's need of medical treatment, before arriving at a sentence at the low end of the Guidelines range. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (explaining a sentence within the advisory Guidelines range is not *per se* reasonable, but we ordinarily expects such a sentence to be reasonable). We conclude Echevarria's 275-month sentence is reasonable.

## IV.

The district court did not err in denying Echevarria's motion to suppress and did not plainly err in allowing Philippe to testify regarding whether the drugs

seized from Echevarria were for distribution.  Additionally, Echevarria's sentence is reasonable.

**AFFIRMED.**