[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11915
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60169-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVORIS HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 6, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Tavoris Hall appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Specifically,

Hall argues that the district court erred in denying his motion to suppress evidence of the firearm and ammunition found on his person and in his home after officers entered his home without a warrant to arrest him.

"Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts *de novo*." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). Further, "all facts are construed in the light most favorable to the prevailing party below." *Id.* We are not restricted to the evidence presented at the suppression hearing and instead may consider the whole record. *United States v. Epps*, 613 F.3d 1093, 1097 (11th Cir. 2010).

"Absent express orders from the person in possession, an officer may walk up the steps and knock on the front door of any man's castle, with the honest intent of asking questions of the occupant thereof." *United States v. Taylor*, 458 F.3d 1201, 1204 (11th Cir. 2006) (quotations omitted). No warrant is required in these situations because the officer "do[es] no more than any private citizen might do." *Kentucky v. King*, 563 U.S. ----, ----, 131 S.Ct. 1849, 1862, 179 L.Ed.2d 865 (2011). That said, the law treats visitation markedly different from entry—"[t]he Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects." *Illinois v. Rodriguez*, 497 U.S. 177, 181, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990).

There are exceptions to the rule, however.  One arises when a search is conducted pursuant to "voluntary consent."  *United States v. Garcia*, 890 F.2d 355, 360 (11th Cir. 1989).  Consent must always be given freely.  It cannot "be coerced, by explicit or implicit means, by implied threat or covert force."  *Schneckloth v. Bustamonte*, 412 U.S. 218, 228, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854 (1973).  Ultimately, voluntariness is measured by "the amount of threat presented," *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991), and for that reason the use of police trickery is generally only fatal "when other aggravating circumstances were also present," *United States v. Farley*, 607 F.3d 1294, 1328 (11th Cir. 2010) (reviewing voluntariness of criminal defendant's post-arrest statements).  "The voluntariness of consent must be judged in light of the totality of the circumstances."  *Tobin*, 923 F.2d at 1512.

In addition, a warrantless entry is permitted "where both probable cause and exigent circumstances exist."  *Id.* at 1510.  For this exception to apply, "the exigencies of the situation [must] make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment."  *King*, 563 U.S. at ----, 131 S.Ct. at 1856 (quotations omitted).  "The exigent circumstances exception encompasses situations such as hot pursuit of a suspect, risk of removal or destruction of evidence, and danger to the arresting officers or the public."  *United States v. Edmondson*, 791 F.2d 1512, 1515 (11th

3

Cir. 1986).  Police may not manufacture such exigencies, but they do not do so provided that they "do not gain entry to premises by means of an actual or threatened violation of the Fourth Amendment."  *King*, 563 U.S. at ----, 131 S.Ct. at 1862.

Even where a warrant is required, however, police need not obtain one simply because probable cause has been established.  *Id.* at ----, 131 S.Ct. at 1860-61 ("[L]aw enforcement officers are under no constitutional duty to call a halt to criminal investigation the moment they have the minimum evidence to establish probable cause.").  Indeed, as recently noted by the Supreme Court in *King*, there are many legitimate reasons why police might seek consent rather than a warrant—it is simpler, faster, less burdensome, and may result in less embarrassment to the targeted person(s).  563 U.S. at ----, 131 S.Ct. at 1860.

In this case, the district court did not err when it denied Hall's motion to suppress.  To begin, the officers were under no obligation to secure a warrant prior to their encounter with Hall, even though they had probable cause to arrest him for a stolen check.  *King*, 563 U.S. at ----, 131 S.Ct. at 1860-61.  The Fourth Amendment's command is substantive, not temporal—probable cause is required for the issuance of a warrant, but there is no directive that once established police must hurry before a magistrate.  *Id.*  Here, the officer who initiated the investigation testified that standard police procedure was to attempt initially to

locate and arrest suspects by consent rather than by warrant, if possible. The relative time-intensity of securing a warrant is a legitimate reason for police to opt to attempt an arrest by consent. *King*, 563 U.S. at ----, 131 S.Ct. at 1860.

Furthermore, the record shows that before the exigency arose and officers entered Hall's residence the encounter was a consensual one. Contrary to Hall's contention, when officers covered his peephole, they did not vitiate the voluntary nature of the encounter. The measure of impermissible conduct is coercion. *See Tobin*, 923 F.2d at 1512. Here, there was no evidence that officers overpowered Hall's will by using force, threats, misrepresentations, or blandishments to coax him into opening the door. By covering the peephole, they merely limited the information upon which Hall acted—his decision to open the door, however, remained unfettered and uncoerced. Hall opened the door, at which time Officer Gorman called Hall by name and began to explain why the officers were present. *(Id.* at 31, 34). Hall immediately jerked his left side away from the officers and began thrusting his left hand into his pocket. *(Id.* at 31). Gorman directed Hall to show his hands and when he refused, Gorman tackled Hall, pinned his arms and handcuffed him. *(Id.* at 31, 38). At that point, Gorman observed the butt of a pistol sticking out of Hall's left-side pocket. Gorman seized the gun, which was loaded, and the officers conducted a protective sweep of the apartment, locating a box of ammunition in plain view in a rear room. *(Id.* at 32). Gorman testified that

the protective sweep was a precautionary measure conducted to see if anyone with weapons might be hiding in the apartment.

In sum, because the officers' conduct preceding the exigency did not violate the Fourth Amendment the officers may avail themselves of the exigent circumstances exception to the warrant requirement to justify their entry. We affirm Hall's conviction.

**AFFIRMED.**