636 So.2d 174 (1994)
Gwendolyn Marie BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00755.
District Court of Appeal of Florida, Second District.
April 29, 1994.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kimberly D. Nolen, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Gwendolyn Brown (Brown) appeals the judgment and sentence of the trial court, specifically challenging the trial court's denial of her motion to suppress heroin obtained "from, on or in the vicinity of" her person, after a police officer conducted an investigatory stop of her vehicle. We agree that the trial court erred in not suppressing the heroin and reverse.
An officer of the Tampa police department first observed Brown's vehicle parked by the curb, facing northbound on State Street in Tampa, about twenty feet from the intersection of India Street. It was approximately 12:30 a.m. on the morning of November 17, 1992, which was a Monday.
The officer, who was in a marked police unit, turned off India Street and headed southbound on State Street. As he drew alongside Brown's vehicle, he observed a passenger exit the vehicle and "run off." The officer testified that at this point, Brown's vehicle "sped away." However, he did not indicate how fast the vehicle was traveling or whether it was breaking any traffic laws. The vehicle then stopped at the stop sign at the intersection some twenty feet away.[1] *175 The officer made a u-turn and followed Brown's vehicle from a distance of about two blocks.
The officer stated that the area in which he observed Brown's vehicle was a high drug area. However, he never indicated that he had any suspicion that drug activity was taking place. He followed the vehicle "because it was a normal kind of car to steal in that area." The vehicle, however, fit no stolen vehicle description and the officer, prior to stopping it, was not able to check the license tag to determine if the vehicle was stolen.
The officer indicated that based on his prior experience involving stolen vehicles, occupants normally jump out and run. That did not happen in this instance. Instead, Brown's vehicle turned into the driveway of a Kentucky Fried Chicken restaurant. The officer assumed that the driver was cutting through to a street that runs behind it. However, the vehicle stopped briefly and cut through after the officer passed by. The officer then turned his vehicle around, and after again getting behind Brown's vehicle, turned on his blue lights and pulled it over. In response to the questions of the officer, Brown indicated she did not have a driver license. The officer arrested her for driving while license suspended and placed her in the back seat of his police unit. Immediately after she was removed from the officer's vehicle and placed in another police vehicle for transportation to central booking, the officer, in checking his back seat, found a tinfoil package containing powdered heroin that was located in the area where Brown had been sitting.
After her motion to suppress was denied by the trial court, Brown entered an open plea of nolo contendere to count one of a criminal information charging her with possession of heroin, reserving her right to appeal.[2] The state nolle prossed count two, driving with a suspended license, in return for the entry of the plea on count one.
To justify an investigatory stop, a police officer must have a founded reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151(2), Fla. Stat. (1991); Randall v. State, 600 So.2d 553 (Fla. 2d DCA 1992). For the suspicion to be founded, it must "have some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." Peabody v. State, 556 So.2d 826, 827 (Fla. 2d DCA 1990). An investigatory stop cannot be based "upon mere or bare suspicion of criminal activity." 556 So.2d at 827.
As noted, in this case the officer did not indicate he suspected drug activity. His suspicion that Brown's vehicle was stolen was only a mere suspicion based on the fact that it was the type of vehicle often stolen in that area.
That leaves us with only the officer's perception of flight by the passenger and Brown, upon observing him, as a legitimate reason for the stop. However, this court in Grant v. State, 596 So.2d 98 (Fla. 2d DCA 1992), held that flight at the sight of an officer, in a high drug area, in the early morning hours, does not justify an investigatory stop. Accord Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977).
As a postscript we would add that we were concerned about whether Brown met her initial burden of establishing standing in this case. As the record reflects, she presented absolutely no evidence showing that, after her removal from the police vehicle, she had a reasonable expectation of privacy in the area of its back seat where the contraband was found. See State v. Singleton, 595 So.2d 44 (Fla. 1992). Moreover, we seriously question whether she could have satisfied this burden. Cf. State v. McAdams, 559 So.2d 601, 602 (Fla. 5th DCA 1990) ("Generally, recorded conversations of defendants in the back seat of a police car do not violate defendant's statutory or constitutional rights because there can be no expectation of privacy in a police car.")[3]
*176 However, the state did not challenge Brown's standing to suppress the evidence before the trial court or before us. In State v. Wells, 539 So.2d 464 (Fla. 1989), aff'd, Florida v. Wells, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990), the court held that the state waives any issue as to standing when it fails to raise that issue at the trial or appellate levels. 539 So.2d at 468 n. 4. Accordingly, we are unable to reach the issue of whether Brown satisfied her burden of establishing standing to contest the seizure of this contraband, and, having concluded that the stop of her vehicle was legally improper, we are compelled to reverse and remand with directions that her motion to suppress be granted.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and PARKER, J., concur.
NOTES
[1] The officer testified that if he wanted to be picky, he could say that she did not come to a complete stop, but that it was a judgment call and he was not after her for a stop sign violation.
[2] The parties agreed that the motion was dispositive of the case. The record supports that agreement. See Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976).
[3] We note that if Brown had established that she abandoned the contraband as a direct result of the illegal stop, then her motion should have been granted. See State v. Anderson, 591 So.2d 611, 613 (Fla. 1992) ("Where there is a nexus between illegal police conduct and abandonment of the challenged evidence, and the nexus has not become attenuated so as to dissipate the taint, the evidence should be suppressed.") However, Brown neither pled nor proved abandonment.