741 So.2d 1144 (1999)
Kevin WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1933.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
Richard L. Jorandby, Public Defender, and Christopher A. Haddad, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Kevin Walker, the appellant, pled nolo contendere to possession of a firearm by a *1145 convicted felon, reserving the right to appeal the trial court's denial of his motion to suppress statements that he made to police following his arrest.[1] While we are cognizant of the deference afforded a trial court's ruling on a motion to suppress, see B.T. v. State, 702 So.2d 248, 250 (Fla. 4th DCA 1997), we are compelled to reverse given the circumstances leading to Walker's arrest.
The testimony at the suppression hearing revealed that the charge against Walker emanated from a police officer's attempt to initiate a consensual encounter with the occupants of a small blue automobile, one of whom was Walker. Deputy Stickney, of the St. Lucie County Sheriff's Department, testified that, at about 2:00 a.m. on October 8, 1997, he came across a small blue car occupied by four malestwo in the front seats and two in the rear. According to Stickney, he noticed the car because there had been a number of robberies in the area recently and the suspect vehicle was described as a small blue car. Stickney followed the car and pulled in behind it at the Grandview Motel, but did not initiate the stop.
Stickney testified that, as he approached the car, he called out to the men "hello" or "good evening" and that each of the three passengers, including Walker, ignored him, walking away from him for forty to fifty feet and then actually running away. The driver of the car remained and consented to a search of the car. In the middle of the rear seat, Stickney found a bag. Stickney opened the bag and discovered a gun, which appeared to be a nine millimeter, and two magazines, which were taped together. Stickney further stated that he suspected that there was a silencer on the gun, but did not remove it from the bag to further examine it. Deputy Stickney called a K-9 unit and a helicopter to locate the three men who had fled, "thinking they might have been the robbery suspects." Following his arrest, Walker made several statements to the police, ultimately admitting that he knew the gun was in the bag.
Prior to the entry of his nolo plea, Walker filed a motion to suppress the statements he made to police, arguing that the statements were taken in violation of his Miranda rights and that the statements were the product of an unlawful arrest. We find merit in this latter claim and reverse.
The State takes the position that Walker's arrest was lawful because the police had probable cause to believe that he possessed an automatic weapon and a silencer in violation of Florida Statutes sections 790.001 and 790.221. We cannot agree. We recognize that the circumstances which would provide probable cause to arrest need not rise to the level of conclusiveness and probability required for a conviction. See Nickell v. State, 722 So.2d 924, 925 (Fla. 2d DCA 1998) (citing Shriner v. State, 386 So.2d 525, 528 (Fla. 1980)). Nevertheless, to establish probable cause for an arrest, the facts within the officer's knowledge must still be sufficient to cause a reasonable person to believe that an offense has been committed and that the defendant committed it. See State v. Clark, 721 So.2d 1202, 1205 (Fla. 3d DCA 1998) (quoting State v. Russell, 659 So.2d 465, 468 (Fla. 3d DCA 1995)). That standard has not been met in the instant case.
In the context of constructive possession, the crime for which the State contends police had probable cause to arrest Walker, the courts have held:
To support a finding of probable cause to arrest on a constructive possession theory, the State must establish by a factual showing that the arresting officer reasonably believed the accused had dominion and control over the contraband, knew it was in his presence, and knew of its illicit nature.
Edwards v. State, 532 So.2d 1311, 1313 (Fla. 1st DCA 1988) (citing Wale v. State, *1146 397 So.2d 738 (Fla. 4th DCA 1981)), review denied, 542 So.2d 990 (Fla.1989). "Mere proximity to contraband does not create probable cause of constructive possession." Rennard v. State, 675 So.2d 1006, 1008 (Fla. 2d DCA 1996) (citing Rogers v. State, 586 So.2d 1148, 1152 (Fla. 2d DCA 1991)).
Here, at the time that Deputy Stickney called upon a K-9 unit and helicopters to detain the passengers of the vehicle, including Walker, there were no facts or circumstances to support a reasonable belief that Walker knew of the gun's presence. The bag in which the gun was discovered was found in the middle of the back seat of the automobile. The bag was closed and, to discover what was inside, the deputy had to remove the bag from the car and open it. Thus, the only fact supporting a conclusion that Walker had been in constructive possession of the weapon was his proximity to the bag while a passenger in the car. This is simply not enough. See Rennard, supra; Rogers, supra.
Finally, even though appellant admitted that he knew the gun was in the bag during questioning after the arrest, we find that there were insufficient intervening events to remove the taint of the illegality of the arrest. See State v. Maloy, 697 So.2d 1242, 1243 (Fla. 2d DCA 1997) ("If there are sufficient intervening events between an arrest and a confession, these events may dissipate the taint of the illegal arrest. In Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the Supreme Court held that there are three factors to be considered in determining whether a confession is attenuated from an illegal arrest: (1) the temporal proximity of the arrest and confession; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the police misconduct. Miranda warnings are also significant.")(parallel citations omitted)(footnote omitted). Here, the statement was given shortly after the illegal arrest was made.
Reversed and remanded with instructions that appellant be discharged.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] The State stipulated that the ruling on the motion to suppress was dispositive.