778 So.2d 354 (2001)
Michael McGOWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2021.
District Court of Appeal of Florida, Second District.
January 5, 2001.
*355 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Michael McGowan appeals the trial court's order denying his motion to suppress drug paraphernalia and cocaine. Because the police lacked probable cause to arrest McGowan for possession of cocaine, we reverse the order denying the motion to suppress. Further, because the motion was dispositive of the case, we direct the trial court to discharge McGowan.
On March 31, 1999, the State filed an information charging McGowan with possession of drug paraphernalia, possession of cocaine, and resisting an officer without violence. The violations allegedly occurred *356 on March 7, 1999. The following evidence was provided at the hearing on the motion to suppress.
At 2:01 a.m., Officer Rowan stopped a vehicle for driving without properly illuminated headlights. The vehicle contained four occupants, and McGowan was sitting in the back seat behind the driver. The officer subsequently arrested the front seat passenger due to outstanding warrants and walked her back to his police cruiser, which was parked directly behind the stopped vehicle. Next, Officer Rowan walked the driver behind the vehicle and asked him for permission to search the vehicle. The driver consented, and Officer Rowan escorted the other backseat passenger to the sidewalk. Officer Rowan then asked McGowan to get out of the vehicle and directed him to stand behind the vehicle. The officer did not tell McGowan he was free to leave.
Officer Rowan testified that he had previously dealt with McGowan and was concerned McGowan might be carrying a three-inch knife, although Officer Rowan saw nothing on McGowan which indicated that he had a knife, and McGowan had never been arrested for carrying a concealed weapon. The officer asked McGowan if he had a weapon, and McGowan told Officer Rowan he did not. Officer Rowan then asked McGowan if he could pat him down, and McGowan refused to be searched. McGowan thereafter voluntarily emptied his pockets and placed a pair of gloves on the cruiser. Officer Rowan noticed a lump in the finger of a glove and removed the lump, which was a small box less than an inch in length and width. Officer Rowan opened the box, and it contained the slight smell of marijuana. Next, Officer Rowan questioned McGowan about his bulky coat. McGowan pulled out two red bags. Officer Rowan looked into one bag and found two small empty baggies with orange stripes on them. At no time did the officer ask McGowan for his consent to look inside the personal belongings he produced.
At that point, the back-up officer, Emerson, noticed a brown paper bag which was near the front tire area of the passenger's side of the police car, about a foot from where McGowan was standing. The officer had not noticed the bag before McGowan was removed from the vehicle. The bag contained more baggies with orange stripes. Two of the baggies had white residue in them which tested positive for cocaine. According to Officer Emerson, he had walked past that area moments before McGowan had been moved there and had seen nothing.
Officer Rowan placed McGowan under arrest. McGowan resisted Officer Rowan's attempts to put restraints on his hands. The officer eventually placed hand restraints on McGowan and placed him in the rear seat of a police cruiser. Later, Officer Rowan asked McGowan to step out of the cruiser to sign a property receipt. When McGowan did so, Officer Rowan noticed a small piece of copper tubing with rubber on one end and mesh on the other on the seat of the cruiser. It appeared to be a homemade pipe. Officer Rowan read McGowan his Miranda[1] rights. McGowan told the officers they were framing him and taking him against his will. When Officer Rowan tried to put McGowan's hands back in restraints, McGowan tried to avoid having his hands cuffed.
The trial court denied the motion to suppress as to the cocaine based on its finding that McGowan abandoned the brown paper bag found near the passenger side of the police cruiser where he was standing. The court concluded that, "[a]ssuming the paper bag can be attached to the defendant, the defendant abandoned the bag when he dropped the paper bag to his feet." It is the trial court's incorrect assumption that the paper bag could be attached to McGowan which requires reversal.
*357 Without evidence that McGowan ever had actual possession of the paper bag, the State must prove that McGowan had constructive possession of the bag to provide probable cause to arrest him. See Rennard v. State, 675 So.2d 1006, 1008 (Fla. 2d DCA 1996); Rogers v. State, 586 So.2d 1148, 1151 (Fla. 2d DCA 1991).
The test to determine probable cause to arrest is whether the facts and circumstances within the officer's knowledge prior to the search are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed and that the accused is the one who committed it. To support a finding of probable cause to arrest on a constructive possession theory, the State must establish by a factual showing that the arresting officer reasonably believed the accused had dominion and control over the contraband, knew it was in his presence, and knew of its illicit nature.
. . . .
Mere proximity to contraband found in a public place and in the vicinity of several other people does not warrant a finding that the police officer had probable cause to believe that the person or persons closest to the contraband possessed it.
Edwards v. State, 532 So.2d 1311, 1313-14 (Fla. 1st DCA 1988) (citations omitted). In Edwards, the First District reversed a motion to suppress cocaine found in the defendant's pocket because the police did not have consent to search or probable cause to arrest him. Id. at 1312. A police officer had approached a group of people standing under a tree in a housing project where drug dealers often gathered. When the defendant, who had been leaning against the tree, stood erect, a plastic bag containing cocaine fell from the tree and landed nearby. The police subsequently searched the defendant and coerced him into going to the police station where he was interrogated and searched once more. Id. The second search revealed a pebble of cocaine.
The trial court denied the defendant's motion to suppress the pebble of cocaine,[2] finding that the police had the authority to search the defendant because they could have arrested him for possession of the cocaine in the plastic bag. Id. at 1313. The First District disagreed, holding that the police did not have probable cause to arrest the defendant. The court explained: "In the case at issue the officers observed nothing from which they could reasonably infer that appellant had control of the baggie or was even aware of its presence before it fell from the tree, both elements of constructive possession." Id. at 1314. See also Thompson v. State, 551 So.2d 1248 (Fla. 1st DCA 1989) (reversing an order denying a motion to suppress based on a finding that the search of the defendant was not incident to a lawful arrest because the discovery of cocaine on the floor near where the defendant was standing in a pool hall did not give the police probable cause to arrest him).
In this case, the only evidence connecting the brown paper bag to McGowan other than his proximity to the bag is the fact that it contained tiny baggies with orange stripes which were identical to the empty baggies McGowan carried in his jacket.[3] However, it is possible that the other passengers in the vehicle could have obtained similar baggies. Accordingly, *358 we conclude that the trial court erred in finding that the abandoned bag could be attached to McGowan. It follows that the police did not have probable cause to arrest McGowan for possession of cocaine.[4]
The trial court also denied the motion to suppress as to the pipe found in the police cruiser as having been abandoned by McGowan. However, the police would not have discovered the pipe but for McGowan's detention in the police cruiser following the illegal arrest, and there was no intervening event which dissipated the taint of the illegal arrest. Thus, the pipe was the fruit of an illegal arrest and must be suppressed.[5]See Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Williams v. State, 640 So.2d 1206, 1209 (Fla. 2d DCA 1994). See also Brown v. State, 636 So.2d 174, 175-76 (Fla. 2d DCA 1994) (reversing an order denying defendant's motion to suppress heroin found in the backseat of a police cruiser because the investigatory stop was illegal). Because the only remaining charge is resisting arrest without violence, that charge cannot stand. See McNeil v. State, 746 So.2d 547, 550 (Fla. 5th DCA 1999) (holding that a motion to suppress is dispositive of a charge for resisting arrest without violence when the arrest is illegal); Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999) (same).
We reverse the trial court's order denying the motion to suppress. Because the motion is dispositive, we direct the trial court, upon remand, to discharge McGowan.
NORTHCUTT and CASANUEVA, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The State did not charge the defendant with possession of the cocaine found in the plastic bag. See Edwards v. State, 532 So.2d 1311, 1313 n. 1 (Fla. 1st DCA 1988).
[3] Although we question the propriety of the search of the items McGowan placed on the police cruiser and the resulting seizures of the box and baggies, we decline to address these issues because they are not necessary to our ruling.
[4] We do not conclude that the cocaine found in the brown paper bag should have been suppressed, as McGowan would not have standing to challenge the seizure of evidence in which he had no possessory interest. See Jones v. State, 648 So.2d 669, 675 (Fla.1994). However, because we have determined that McGowan's arrest for possession of cocaine was illegal, the corresponding charge may not stand. See Walker v. State, 741 So.2d 1144, 1146 (Fla. 4th DCA 1999) (ordering the discharge of a defendant upon reversal of a motion to suppress a confession made following an arrest which was illegal because the police did not have probable cause to arrest the defendant based on constructive possession of a firearm which had not been suppressed).
[5] We note that there is a question as to whether McGowan had standing to challenge the seizure of the pipe found on the seat of the police cruiser. See Brown v. State, 636 So.2d 174, 175-76 (Fla. 2d DCA 1994). However, we do not reach this issue because the State has not preserved it for review by raising it in either the trial court or this court. Id.