WARNER, J.
J.G. appeals the trial court’s judgment of delinquency based upon his possession of marijuana. He claims the evidence showed only proximity to the drug and not possession. We agree and reverse.
At the adjudicatory hearing, Officer Francis Hoeflinger stated that he stopped a person for riding a bicycle without required lights one evening. While he wa.s interviewing that person, J.G. drove by riding on the handlebars of another bicycle while a boy pedaled. The bicycle had no lights, so they were stopped, as well. J.G. jumped off the front of the bicycle and Hoeflinger observed a white piece of paper fall to the ground underneath where J.G. had been sitting on the bike, about two or three feet from J.G. once he was off the bicycle. Hoeflinger admitted, however, that he was not exactly sure where the paper fell from. He picked up the paper, unfolded it, and found a green leafy substance which was later tested and determined to be marijuana. Both J.G. and his friend appeared to be nervous when the officer picked up the paper. Another officer at the scene saw Hoeflinger walk over and retrieve the paper from the ground, but did not see any individual drop the paper because he was not looking at the bicycle occupants at the time.
J.G. argues the evidence of possession of marijuana was insufficient to sustain the finding of guilt. In reviewing a motion for judgment of acquittal, a de novo standard *26 of review applies. See Pagan v. State, 830 So.2d-792, 803 (Fla.2002) (citing Tibbs v. State, 397 So.2d 1120 (Fla.1981)).
Since J.G. was not in physical control of the marijuana when it was found, the state had to prove constructive possession. When pursuing a theory of constructive possession, the state must prove beyond a reasonable doubt that the accused had (1) dominion and control over the contraband, (2) knowledge that the contraband was within his presence, and (3) knowledge of the illicit nature of the contraband. See Lee v. State, 835 So.2d 1177, 1178 (Fla. 4th DCA 2002) (citing Williams v. State, 573 So.2d 124, 125 (Fla. 4th DCA 1991)). While the question of whether a defendant had dominion or control over contraband is generally a factual question for the jury, a judgment of acquittal is proper where there is no evidence from which dominion or control can be inferred. See Campbell v. State, 577 So.2d 932, 935 (Fla.1991) (citations omitted).
J.G. points out that Hoeflinger saw the paper fall to the ground, but was not sure where the paper fell from, and the other officer did not see the individuals drop anything. The paper was found on the ground underneath where J.G. had been sitting, but mere proximity to contraband does not create probable cause' of constructive possession. See Walker v. State, 741 So.2d 1144, 1146 (Fla. 4th DCA 1999) (citing Rennard v. State, 675 So.2d 1006, 1008 (Fla. 2d DCA 1996)).
Instead, the state suggests that the circumstantial evidence is sufficient to imply possession by J.G. If the state’s evidence, is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant’s reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 188 (Fla.1989) (citations omitted). J.G. contends the marijuana did not belong to him. Here, the state infers that the marijuana fell from J.G. because he had just vacated the handlebars of the bicycle, but it omits the possibility that it could have also been dropped or fallen from the hand of the boy who was steering the bicycle.
The state did not prove actual possession, and there was no evidence of control of the contraband. The circumstantial evidence did not exclude J.G.’s reasonable hypothesis of innocence that he was not in control of the drugs.
We therefore reverse the adjudication of delinquency and sentence.
KLEIN and TAYLOR, JJ., concur.