961 So.2d 1094 (2007)
Maurice TARVER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1715.
District Court of Appeal of Florida, Second District.
July 27, 2007.
*1095 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Maurice Tarver appeals his conviction for possession of cannabis with intent to sell entered as a result of a negotiated plea following the trial court's denial of his dispositive motion to suppress.[1] We reverse and remand for the trial court to reconsider Tarver's motion to suppress.
The transcript of the hearing on the motion to suppress reveals that an undercover officer with the Polk County Sheriff's Office observed Tarver and another man involved in suspicious behavior in a "high crime" residential neighborhood known for narcotics sales. Another officer, Deputy Nicholas Adam Weaver, was directed to make contact with the two men and to investigate. Deputy Weaver was in an unmarked car and was wearing a sheriff's office tactical uniform when he pulled up to the intersection where the two men were standing near a dumpster. A third man who had not been previously observed by the deputy fled on foot. Tarver and Joseph Williams were standing approximately five feet apart.
When Deputy Weaver exited the vehicle and approached the two men, he observed a clear, plastic baggie on the ground next to Mr. Williams' foot. He testified that he immediately recognized that the substance in the baggie was cannabis and ordered Tarver and Mr. Williams to lie on the ground. Deputy Weaver stated that he handcuffed and arrested Mr. Williams for possession of cannabis.
Deputy Weaver testified that he placed Tarver in handcuffs to "control the situation" since one man had already fled the scene. He then asked Tarver if he had anything and patted down the exterior of Tarver's clothing. The deputy indicated that he "felt a rather large bulge in [Tarver's] jacket. And at that time I determined that that was cannabis also." Deputy Weaver testified further about the discovery of the cannabis and his method of determining that the bulge was contraband. Deputy Weaver stated that he originally decided to pat down Tarver because he had made several arrests of individuals relating to weapons charges in the same neighborhood. He expressed that he was concerned for his safety after he observed the bulge in Tarver's jacket. Deputy Weaver also testified about the neighborhood and his general concern for officer safety. On cross-examination Deputy Weaver conceded that his probable cause affidavit was "not one of my more thorough reports" as it excluded many of the details to which he testified. Further, he admitted that in a discovery deposition he had not mentioned the bulge in Tarver's jacket or his concern for officer safety.
Tarver's version of events was completely different from that of the deputy. He testified that he never observed the deputy locate anything at Mr. Williams' feet. *1096 Deputy Weaver ordered the two men to get on the ground. Tarver stated that Mr. Williams was not handcuffed at the time Deputy Weaver searched him. Only after Mr. Williams was searched, did the deputy handcuff him with a plastic zip cord.
The deputy then proceeded to search Tarver who had not been handcuffed. The deputy straddled Tarver as he was lying on his stomach. While searching Tarver's pockets, the deputy kept repeating, "[W]here's the dope?" The deputy patted down Tarver's back pants pockets and located money which was removed. The deputy then rolled Tarver over onto his back. Nothing was discovered in the search of the front pockets of Tarver's pants, but when the deputy opened Tarver's jacket and reached into the pocket on the inside of his jacket, he retrieved a bag of cannabis. Tarver testified that the deputy stated, "I knew you had something, I just didn't know what it was. I knew you had something." Tarver testified that there were no bulges in his lightweight, hooded jacket and the baggie of cannabis was actually recovered from his left, inside pocket and not his right, outside pocket as the deputy had testified.
At the conclusion of the testimony, the State asserted that Tarver had been lawfully detained in an investigative stop and the deputy had a reasonable suspicion that Tarver was armed which justified the pat-down search. The State argued that based on the "plain feel" doctrine[2] the deputy properly seized the cannabis. The trial court denied Tarver's motion to suppress finding that the deputy had reasonable suspicion to conduct an investigatory stop and that the cannabis found at Mr. Williams' feet provided probable cause to arrest and search Tarver.
A trial judge's ruling on a motion to suppress is clothed with a presumption of correctness with regard to determinations of historical fact. Fitzpatrick v. State, 900 So.2d 495, 513 (Fla.2005). It is the province of the trial judge to make determinations concerning the credibility of the witnesses and the weight of the evidence. State v. Stephens, 441 So.2d 171, 171 (Fla. 3d DCA 1983); Roth v. State, 359 So.2d 881, 882 (Fla. 3d DCA 1978). The trial court's resolution of conflicting evidence will not be disturbed on appeal if that determination is supported by substantial, competent evidence. Boykin v. State, 309 So.2d 211, 211 (Fla. 1st DCA 1975). This court is to review de novo whether the trial court's application of the law to the historical facts establishes an adequate basis for the trial court's ruling. See Fitzpatrick, 900 So.2d at 513.
There was conflicting testimony concerning Tarver's initial contact with the undercover officer which gave rise to the subsequent investigatory stop by Deputy Weaver. The trial court resolved the conflicting evidence in favor of the State and concluded that Deputy Weaver had reasonable suspicion that a crime was being committed. We agree with the trial court's ruling on the propriety of the investigatory stop.
However, the trial court erred when it concluded that the baggie of cannabis found at Mr. Williams' feet was in the constructive possession of both men and supplied probable cause for their arrest and the subsequent search of Tarver. Mere proximity to contraband found in a public place and in the vicinity of several individuals does not warrant a finding that a law enforcement officer had probable cause to believe that the person or persons closest to the contraband possessed it. *1097 See Edwards v. State, 532 So.2d 1311, 1314 (Fla. 1st DCA 1988); see also Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999); J.G. v. State, 881 So.2d 25, 26 (Fla. 4th DCA 2004). The trial court erred in ruling that Tarver was in constructive possession of the cannabis found at Mr. Williams' feet, five or more feet away from where Tarver was standing.
Conflicting evidence was presented concerning the justification for the pat-down search of Tarver's clothing. The trial court made no factual findings or legal conclusions concerning the propriety of the pat-down search or whether the "plain feel" doctrine could be used under the facts of this case to support the seizure of the cannabis and Tarver's arrest. This court is not a fact-finding body and may not weigh the evidence to resolve conflicts. Therefore, this court cannot apply the "Tipsy Coachman" doctrine in order to affirm the trial court's denial of the motion to suppress. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (explaining the doctrine).
Accordingly, we hold that the trial court erred in denying Tarver's motion to suppress based on the constructive possession of the cannabis at Mr. Williams' feet. We reverse the judgment and sentence for possession of cannabis. On remand the trial court shall review the transcript of the December 22, 2005, hearing and reconsider Tarver's motion to suppress. Because there will be no evidentiary hearing on remand, the trial court must prepare an amended order disposing of the motion. The order shall include findings of fact and conclusions of law concerning the propriety of the pat-down search and discussing the application of the "plain feel" doctrine.
We affirm the judgment and sentence for possession of drug paraphernalia. The judgment and sentence for possession of cannabis with intent to sell is reversed, and the case is remanded with directions.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY, J., Concurs with opinion.
WALLACE, J., Concurs.
WHATLEY, Judge, Concurring.
I agree that as appellate judges we are constrained from being fact finders or making credibility determinations.
Based on my review of the record in this matter I am compelled to make the following observations. The testimony of Deputy Weaver and Deputy Tamara Meier is replete with inconsistencies. In addition, the baggie of cannabis found at the scene was between codefendant Williams' foot and a dumpster. Deputy Weaver described his probable cause affidavit as not being thorough and excluding details. It clearly was not thorough in failing to mention a bulge or concern for his safety. More troubling is what was included in the affidavit. It states that upon seeing the baggie of cannabis both Williams and Tarver were arrested and Tarver was searched. There was no basis at that juncture to arrest or search Tarver. If this statement of an arrest and search of Tarver is accurate, the case against Tarver fails. Further, the amount of cannabis causing the bulge was less than one-tenth of an ounce. What apparently escaped notice was the $1715 in cash in Tarver's other pocket.
Lastly, the pat down of Tarver was for officer safety. E.B. v. State, 866 So.2d 200, 203-04 (Fla. 2d DCA 2004), recites the criteria for a valid pat down for officer safety:
The United States Supreme Court reasoned in Dickerson that the continued exploration of a suspect's pocket after the officer had determined that no weapon *1098 was present did not emanate from the Terry justification for a search to ensure officer safety and protection. Because the incriminating nature of the object was not immediately apparent to the seizing officer who had to both roll the item in his fingers and squeeze it to ascertain its identity, the Supreme Court held that the seizure of the contraband violated the Fourth Amendment.
If the trial court reaches the validity of the pat down, the question will be whether the cannabis was immediately apparent.
NOTES
[1] Tarver also entered a plea of nolo contendere to a charge of possession of drug paraphernalia. The motion to suppress did not seek to suppress the "blunt" cigar wrapper that was located in plain view on the ground near Tarver. We affirm the judgment and sentence for possession of drug paraphernalia without comment.
[2] See Rodriguez v. State, 807 So.2d 130, 131 (Fla. 2d DCA 2002).