VAN NORTWICK, J.
 

 Terrance Cornelius Hatcher appeals his conviction for possession of cocaine, arguing that the trial court erred in denying his motion to suppress. Because the evidence was insufficient to establish that appellant had constructive possession of the baggie containing cocaine, the appellant’s detention and arrest, and the search incident to the arrest, were unlawful. Accordingly, we reverse.
 

 Appellant was charged with possession of cocaine and moved to suppress physical evidence seized as well as statements made by him following his warrantless arrest. Following an evidentiary hearing, the trial court entered an order denying suppression. In this order, the trial court made the following findings of fact:
 

 On November 7, 2007, in conjunction with special drug interdiction operations in the community of Brownville in Pensacola, Florida, Escambia County Sheriffs deputies drove past 20 Loretta Street, known to be a high narcotics area. Four (4) Escambia County Sheriffs deputies were in an unmarked patrol vehicle. Outside of the fence in front of the house at 20 Loretta Street, a table is located between the fence and the street. The Defendant and another individual were at the table.
 

 Officer Milstead and the other deputies jumped out of the patrol car. They observed a “small corner bag” sitting on top of the table within twelve (12) to eighteen (18) inches of the Defendant and closest to Mr. Hatcher. Based upon his immediate proximity to the corner
 
 *931
 
 bag, Mr. Hatcher was detained. A cobalt test was conducted on the bag, which tested positive. Mr. Hatcher was thereafter searched, and a quantity of a controlled substance was found on the Defendant’s person.
 

 After being arrested, Deputy Levensel-ler transported the Defendant to the county jail. During transport, the Defendant made certain admissions to possession of some of the seized material and denying possession of the other.
 

 The Defendant testified and contradicted the testimony of Deputy Milstead. The Court finds that the credible substantial evidence establishes that Mr. Hatcher was in control of the “small corner bag” observed within twelve (12) to eighteen (18) inches of his person. While the observation was made at night, there was adequate light to make the relevant observations.
 

 A trial judge’s ruling on a motion to suppress is clothed with a presumption of correctness with regard to determinations of fact and a trial court’s resolution of conflicting evidence will not be disturbed on appeal if that determination is supported by substantial, competent evidence.
 
 Fitzpatrick v. State,
 
 900 So.2d 495, 513 (Fla.2005). This court is to review
 
 de novo
 
 whether the trial court’s application of the law to the historical facts establishes an adequate basis for the trial court's ruling.
 
 Id.
 

 Probable cause for arrest exists when the totality of the facts and circumstances within an officer’s knowledge would cause a reasonable person to believe that an offense has been committed by the person being arrested.
 
 Chavez v. State,
 
 832 So.2d 730, 747 (Fla.2002). As this court explained in
 
 Edwards v. State,
 
 532 So.2d 1311, 1314 (Fla. 1st DCA 1988), “[m]ere proximity to contraband found in a public place and in the vicinity of several other people does not warrant a finding that the police officer had probable cause to believe that the person or persons closest to the contraband possessed it.”
 
 See also Tarver v. State,
 
 961 So.2d 1094 (Fla. 2d DCA 2007);
 
 Bell v. State,
 
 792 So.2d 608 (Fla. 4th DCA 2001);
 
 McGowan v. State,
 
 778 So.2d 354, 357 (Fla. 2d DCA 2001);
 
 Thompson v. State,
 
 551 So.2d 1248 (Fla. 1st DCA 1989). In
 
 McGoivan,
 
 the reviewing court held that, to support a finding of probable cause to arrest on a constructive possession theory, the State must establish that the arresting officer reasonably believed the accused had dominion and control over the contraband, knew it was in his presence, and knew of its illicit nature. 778 So.2d at 357.
 

 Here, there was no evidence that appellant acknowledged that the baggie containing cocaine was his, that appellant exercised dominion and control over the baggie, or that he knew of its illicit contents before his arrest. The trial court did find that appellant was the closest person to the bag. A review of the testimony adduced at the suppression hearing, however, does support such a finding. The arresting officer, Deputy Milstead, testified that appellant was sitting at the table “directly in front of’ the baggie. He also testified that appellant was “a foot, foot and a half’ away from the bag and that he arrested appellant as a result of seeing the cocaine in the baggie. But, Milstead acknowledged that another man was also at the table, and Milstead never stated that appellant was closest to the baggie. Even if appellant had been the closest person to the baggie, mere proximity to contraband, without more, does’ not establish probable cause to arrest.
 
 Edwards.
 
 As correctly and professionally acknowledged by the State on appeal, the evidence adduced at the suppression hearing did not establish constructive possession so as to justify the warrantless arrest of appellant. Accordingly, we reverse the
 
 *932
 
 order denying the motion to suppress and remand the cause to the lower court for the discharge of appellant.
 

 REVERSED AND REMANDED.
 

 KAHN, J., concurs, and BENTON, J., concurs in result.