Per Curiam.
We grant the motion for clarification. Our prior opinion is withdrawn and the following opinion is substituted in its place:
The petition for writ of prohibition is denied. As to the application of chapter 499, Florida Statutes (2015), Petitioners have not shown that the trial court is attempting to act in excess of its jurisdiction. See Scott v. Francati , 214 So.3d 742, 748 (Fla. 1st DCA 2017) (noting that "[p]rohibition is an extraordinary writ by which a superior court may prevent an inferior court ... from acting outside its jurisdiction" (quoting Mandico v. Taos Const., Inc. , 605 So.2d 850, 853 (Fla. 1992) ) ). Going forward in the trial court, it will be the State's burden to prove its charges that the substances allegedly misbranded by the Petitioners were drugs for purposes of chapter 499. See § 499.003(18), Fla. Stat. (2015) (defining a "drug" as that term is used in Part I of the Florida Drug and Cosmetic Act).
Wolf, Osterhaus, and Winsor, JJ., concur.